# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CARLOS BARTELL, #653162,

        Petitioner,         Case Number: 2:13-CV-14945

v.         HONORABLE NANCY G. EDMUNDS

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

      This is a habeas case under 28 U.S.C. § 2254. Petitioner Carlos Bartell is a state inmate at the Brooks Correctional Facility in Muskegon, Michigan. He challenges his conviction for first-degree criminal sexual conduct. In addition to his habeas petition, Petitioner filed a Motion to Stay Proceedings and Hold Petition in Abeyance. The Court grants the motion.

## I.

      Petitioner was convicted by a jury in Wayne County Circuit Court of first-degree criminal sexual conduct. On February 9, 2009, he was sentenced to 17 ½ to 35 years' in prison.

      Petitioner filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) violation of 180-day rule, (ii) denied right to a jury trial, (iii) insufficient

evidence, (iv) sentencing guidelines incorrectly scored, and (v) sentence improperly enhanced. The Michigan Court of Appeals affirmed the conviction. *People v. Bartell*, No. 291076, 2010 WL 2594946 (Mich. Ct. App. June 29, 2010). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Bartell,* 489 Mich. 931 (Mich. May 24, 2011).

Petitioner then filed the pending habeas corpus petition. He raises these claims:

I. The lower court judge abused his discretion by failing to dismiss the case based on a violation of the "180 day" rule.

II. Mr. Bartell was improperly denied his constitutionally guaranteed right to a trial by a jury of his peers when the court refused to allow him to withdraw his previously made waiver of jury trial.

III. Mr. Bartell asserts there was insufficient evidence upon which to have convicted him of CSC first-degree injury or force.

IV. Appellant has been denied his right to a public hearing, under the state and federal constitutions, where his preliminary examination judge closed the courtroom to the public, during a critical portion of the complainant's testimony.

V. Appellant has been denied of his right to confrontation, under the state and federal constitutions, where the prosecutor used substitute forensic expert testimony at preliminary examination and trial.

VI. The district court abused its discretion by binding appellant over on first-degree vaginal assault charges on the basis of insufficient evidence.

VII. Appellant has been deprived of his right to ineffective assistance of counsel where (a) trial counsel failed to object to the judge's closure of the courtroom to the public at the preliminary examination, (b) trial counsel failed to object to the prosecutor's use of substitute forensic expert testimony at trial and preliminary examination, (c) trial counsel advised appellant to waive his right to testify; and (d) appellate counsel failed to raise any of the within issues on direct appeal or in a prior motion.

Petitioner also filed a motion to hold habeas petition in abeyance.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that, although the claims raised in the petition are exhausted, he would like to raise an additional, unexhausted claim of prosecutorial misconduct. Petitioner asks the Court to stay the petition so that he may return to state court to exhaust his unexhausted claims.

A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner appears to argue that his unexhausted claim was not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present this claim to the Michigan Court of Appeals. In addition, the Court finds that Petitioner's claim is not "plainly meritless" and that Petitioner has not

engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted). At this time, the Court makes no finding as to the timeliness of this petition.

### III.

Accordingly, it is ORDERED that Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance [dkt. #3] is GRANTED. The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay in this Court within sixty days after

the conclusion of the state court proceedings.

It is further ORDERED that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

                                              S/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated: December 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2013, by electronic and/or ordinary mail.

                                              S/Johnetta M. Curry-Williams
                                              Case Manager
                                              Acting in the Absence of Carol A. Hemeyer