# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CARLOS BARTELL,

                  Petitioner,                Case Number: 2:13-CV-14945
                                                  HON. NANCY G. EDMUNDS

v.

MARY BERGHUIS,

                  Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Carlos Bartell, currently in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is proceeding *pro se*, challenges his conviction for first-degree criminal sexual conduct. For the reasons explained below, the Court denies the petition. The Court also denies a certificate of appealability.

## I. Background

The Michigan Court of Appeals provided this overview of the circumstances leading to Petitioner's conviction:

> On October 10, 2002, the victim left a Detroit club with a friend. The friend, who was driving, dropped the victim off somewhere near her home. As the victim walked home, "everything went blank." She remembered that she was sexually assaulted and that two men were

involved in the assault. The victim recalled that at least one of the men penetrated her vagina with his penis, but she could not remember if both men penetrated her.

Sperm was found on the rectal swab in the victim's rape kit. A DNA profile from the sperm was developed. Several years later, a DNA sample was taken from defendant. Defendant's DNA matched the DNA of the sperm found on the rectal swab.

*People v. Bartell*, No. 291076, 2010 WL 2594946, *1 (Mich. Ct. App. June 29, 2010).

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised these claims: (i) the lower court should have dismissed the case based on a violation of the 180-day rule; (ii) trial court improperly denied motion to withdraw waiver of jury trial; (iii) insufficient evidence supported the conviction; (iv) sentencing guidelines were improperly scored; and (v) the trial court improperly enhanced sentence based upon facts neither admitted by Petitioner nor proven to a jury beyond a reasonable doubt. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *Id.* The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Bartell*, 489 Mich. 931 (Mich. May 24, 2011).

Petitioner filed a motion for relief from judgment in the trial court, raising these claims: (i) trial court improperly closed courtroom during preliminary examination; (ii) admission of surrogate forensic expert's testimony violated the

Confrontation Clause; (iii) insufficient evidence support the bind over; and (iv) ineffective assistance of trial and appellate counsel. The trial court denied the motion for relief from judgment. *See* 7/25/12 Order, ECF No. 14-11. The Michigan Court of Appeals denied Petitioner's application for leave to appeal, *People v. Bartell*, No. 313891 (Mich. Ct. App. May 20, 2013), as did the Michigan Supreme Court, *People v. Bartell*, 495 Mich. 881 (Mich. Oct. 28, 2013).

Petitioner then filed a habeas corpus petition. The Court granted Petitioner's request to stay the case while he filed a second motion for relief in the trial court. He raised these claims in his successive motion for relief from judgment: (i) prosecutor knowingly presented false testimony from police investigator; and (ii) ineffective assistance of appellate counsel. The trial court denied the motion. *See* 5/16/14 Order, ECF No. 14-13. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal, *People v. Bartell*, No. 323338 (Mich. Ct. App. Sept. 19, 2014); as did the Michigan Supreme Court. *People v. Bartell*, 498 Mich. 852 (Mich. June 30, 2015).

Petitioner filed a third motion for relief from judgment, raising these claims: (i) newly discovered evidence showed that trial counsel failed to investigate three potential alibi witnesses; (ii) counsel was ineffective in failing to consult a DNA

expert witness; (iii) trial court erred in allowing prosecution expert to testify as an expert in DNA; and (iv) Petitioner established good cause for failing to previously raise these claims. The trial court denied the motion. Petitioner did not seek leave to appeal this decision in the Michigan Court of Appeals or Michigan Supreme Court.

Petitioner then sought to lift the stay in this proceeding. The Court granted Petitioner's request and reopened the proceeding. The petition raises these claims:

I.    The lower court judge abused his discretion by failing to dismiss the case based on a violation of the "180 Day" rule.

II.   Petitioner was improperly denied his constitutionally guaranteed right to trial by a jury of his peers when the court refused to allow him to withdraw his previously made waiver of jury trial.

III.  Petitioner asserts there was insufficient evidence upon which to have convicted him of CSC first degree injury or force.

IV.   Petitioner has been denied his right to a public hearing under the state and federal constitutions where his preliminary examination judge closed the courtroom to the public during a critical portion of the complainant's testimony.

V.    Petitioner has been denied his right to confrontation under the state and federal constitutions where the prosecutor used substitute forensic expert testimony at preliminary examination and trial.

VI.   The district court judge abused his discretion by binding petitioner over on first degree vaginal assault charges on the basis of insufficient evidence.

VII. Petitioner has been deprived of his right to effective assistance
of counsel under the state and federal constitutions where (a)
trial counsel failed to object to the judge's closure of the
courtroom to the public at preliminary examination, (b) trial
counsel failed to object to the prosecutor's use of substituted
forensic expert testimony at trial and preliminary examination
on the basis of it being a confrontation violation, (c) trial
counsel advised appellant to waive his right to testify, (d)
appellate counsel failed to raise any of the within issues on
direct appeal or in a prior motion.

VIII. Defendant Bartell is entitled to relief from judgment on federal
and state due process grounds to a fair and impartial trial where
the prosecution knowingly allowed OIC Investigator Kim
Turner-Kovacs to provide false and misleading testimony, and
where the prosecution abdicated its independent constitutional
duty to correct the falsity in order to obtain defendant's tainted
conviction.

Respondent has filed an answer in opposition and the relevant state court

records and transcripts.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to

a writ of habeas corpus only if he can show that the state court's adjudication of his

claims –

(1)    resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the
State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it
'applies a rule that contradicts the governing law set forth in [Supreme Court
cases]' or if it 'confronts a set of facts that are materially indistinguishable from a
decision of [the Supreme] Court and nevertheless arrives at a result different from
[this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam),
quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable
application' prong of the statute permits a federal habeas court to 'grant the writ if
the state court identifies the correct governing legal principle from [the Supreme]
Court but unreasonably applies that principle to the facts' of petitioner's case."
*Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413.
However, "[i]n order for a federal court find a state court's application of [Supreme
Court] precedent 'unreasonable,' the state court's decision must have been more
than incorrect or erroneous ... The state court's application must have been
'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see
also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks
merit precludes federal habeas relief so long as 'fairminded jurists could disagree'
on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.

86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102-03(internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Greene v. Fisher*, 565 U.S. 34, 38 (2011). Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox,*

340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Id.*

### III. Discussion

### A. 180-Day Rule

Petitioner claims that the delay in bringing him to trial violated his Michigan statutory right to trial within 180 days. Petitioner moved in the trial court to dismiss the criminal case because his trial occurred approximately 217 days from the date the prosecutor was notified by the Michigan Department of Corrections that Petitioner was in custody. The trial court denied the motion.

On direct appeal, the Michigan Court of Appeals held that Petitioner waived his rights under the 180-day rule and, alternatively, that no violation occurred because the prosecutor took good-faith action within the 180-day period and promptly proceeded to ready the case for trial. *Bartell*, 2010 WL 2594946 at *2.

The "180-day Speedy Trial Act" is a Michigan law that requires a prison inmate who is the subject of a pending criminal charge to "be brought to trial within 180 days after the department of corrections causes to be delivered to the

prosecuting attorney of the county in which the warrant, indictment, information[ ] or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, . . . information [ ] or complaint." Mich. Comp. Laws § 780.131(1); *see also* Mich. Ct. Rule 6.004(D)(1). The remedy for violation is dismissal of the charges with prejudice. Mich. Ct. Rule 6.004(D)(2). Those provisions are matters of state law. They do not create federal constitutional rights by themselves. And "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). This claim is denied.

## B. Waiver of Jury Trial

Petitioner claims that he was denied his constitutional right to a trial by jury when the trial court denied his request to withdraw his jury trial waiver. He argues that the trial court should have inquired into the basis for his request.

The Sixth Amendment guarantees, in pertinent part, that an accused is entitled to "trial[ ] by an impartial jury." U.S. Const. amend. VI. The right to a jury trial is waivable, so long as the waiver is "express and intelligent." *Patton v. United States*, 281 U.S. 276, 312 (1930), *overruled on other grounds by Williams v. Florida*, 399 U.S. 78, 92 (1970). As the Michigan Court of Appeals recognized, Petitioner does not contest the voluntariness of his waiver. *Bartell*, 2010 WL

2594946 at *3.  Instead, he sought to withdraw his plea because he reassessed the benefits of a jury trial and concluded that certain testimony would be better-received by a jury.

The Michigan Court of Appeals held that Petitioner's "simple change of mind" did not constitute good cause to withdraw his jury trial waiver.  *Id.*  The state court also rejected Petitioner's claim that the trial court should have inquired into the basis for Petitioner's change of heart because, even had the court done so, no valid justification existed for withdrawal of the waiver.  *Id.*

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  To the extent that Petitioner alleges a violation of the state law or procedure, he is not entitled to relief.  A federal court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Trial court errors in the application of state law or procedure are not cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Even if the trial court abused its discretion under state law, this abuse of discretion is not a basis for habeas corpus relief.  *See Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir.1995) (finding no authority for the proposition that, when a state court abuses its discretion in denying a defendant's motion to withdraw a

waiver of jury trial, the result violates the United States Constitution).

Second, Petitioner fails to establish a violation of his federal constitutional rights. The record shows that Petitioner consulted with defense counsel prior to waiving his right to a jury trial. *See* ECF No. 14-4. At a pre-trial hearing, the trial court discussed Petitioner's decision. Petitioner acknowledged that he had a right to a jury trial and that he understood that right; confirmed his decision to waive this right and proceed with a bench trial; and indicated that he was doing so of his own free will and had not been coerced or promised anything in return. *See id.* On the basis of this record, the Court finds that Petitioner has failed to show that his waiver was involuntary or that the trial court's denial of his request to withdraw the waiver violated any constitutional right.

## C. Sufficiency of the Evidence

Petitioner next argues that insufficient evidence supports his first-degree criminal sexual conduct conviction. He argues the victim's memory of the assault was so poor that a reasonable jury could not have found him guilty beyond a reasonable doubt.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "Two

layers of deference apply to habeas claims challenging evidentiary sufficiency."
*McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)).

First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original)). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

The elements of first-degree criminal sexual conduct charged under Mich. Comp. Laws § 750.520b(1)(f) are: (i) Petitioner engaged in sexual penetration with another person; (ii) he used force or coercion to accomplish sexual penetration; and (iii) that he caused personal injury to the complainant. Mich. Comp. Laws § 750.521b(1)(f); *People v. Petrella*, 424 Mich. 221, 238-39 (1985).

The Michigan Court of Appeals held that sufficient evidence was presented to sustain Petitioner's conviction:

> The victim testified that she was sexually assaulted by two men and
> that at least one of the men penetrated her vagina with his penis.

Sperm with DNA matching defendant's DNA was found on the rectal swab in the victim's rape kit. Dr. Melanie Trapani, an expert in forensic analysis, testified that she has found sperm cells on a rectal swab when the victim's complaint is vaginal penetration. The victim also testified that she had a long-term boyfriend, she did not know defendant, and she would not have consented to sexual intercourse with defendant.[1] The victim further testified that before the sexual assault "everything went blank" and that she suffered head and facial injuries. The facial injuries required surgery for the insertion of a plate on the left side of her eye. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could find that defendant engaged in vaginal penetration with the victim and that defendant used force causing personal injury to accomplish the penetration. Defendant's conviction is supported by sufficient evidence.

[1]The trial court correctly stated that lack of consent is not an element of CSC I. *People v. Stull*, 127 Mich. App. 14, 20; 338 N.W.2d 403 (1983).

*Bartell*, 2010 WL 2594946 at *4.

"A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (quoting *Jackson*, 443 U.S. at 326). According the state court's findings of fact a presumption of correctness, the Michigan Court of Appeals' decision easily passes scrutiny under the deferential AEDPA standard. The state court applied the correct constitutional test, relied on facts amply supported in the

record, and did not unreasonably apply clearly established constitutional law.

Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

## D. Public Trial Right

In his fourth claim, Petitioner argues that the trial court erred in partially closing the courtroom during a portion of the victim's preliminary examination testimony. The trial court closed the courtroom to everyone but the attorneys, court staff, a police officer, and victim's advocate while the victim testified specifically about the sexual acts. The trial court did so to make the victim more comfortable. The state court found that Petitioner waived this claim because counsel stated on the record that he had no objection to the limited closure. *See* 7/25/2012 Opinion, ECF No. 14-11.

Respondent argues that this claim (as well as claims V through VIII) are procedurally defaulted. The Court need not address the issue of procedural default because these claims are plainly without merit. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (procedural default is ordinarily addressed first, but resolution on the merits is permitted where the issue is easily resolved).

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The right is applicable to the states through the Fourteenth Amendment. *Duncan v.*

*Louisiana*, 391 U.S. 145, 148-49 (1968). "The central aim of a criminal proceeding must be to try the accused fairly." *Waller v. Georgia*, 467 U.S. 39, 46 (1984). The public-trial guarantee was created to further that aim. *Id.*, *citing Gannett Co. V. DePasquale*, 443 U.S. 368, 380 (1979). A public trial helps to ensure that judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury. *Id.* The violation of the constitutional right to a public trial is a structural trial error, not subject to the harmless error analysis. *Id.* at 49-50, n.9. The right to a public trial, while an important structural right, "is also one that can be waived when a defendant fails to object to the closure of the courtroom." *Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009). "[C]ertain decisions regarding the exercise or waiver of basic trial rights are of such moment" that they cannot be made for the defendant by his attorney without the defendant's express consent. *Florida v. Nixon,* 543 U.S. 175, 187 (2004). No Supreme Court precedent supports a finding that the waiver of the right to a public trial is one of those rights. *United States v. Whalen*, 578 F. App'x 533, 539 (6th Cir. 2014); *see also Guyton v. Butler*, 490 F. App'x 331, 333 (11th Cir. 2012) ("The Supreme Court has not held that counsel cannot waive his client's right to a public trial.").

Defense counsel did not object to the closing of the courtroom during the

victim's preliminary examination testimony. The state court's decision that Petitioner waived his right to a public trial is supported by the record. Habeas corpus is denied.

### E. Bind-Over Claim

Petitioner next argues that the trial court erred in finding sufficient evidence was presented at the preliminary examination to bind him over for trial. This claim does not present a cognizable basis for habeas relief. There is no general constitutional right to a preliminary examination before trial. *See Gerstein v. Pugh*, 420 U.S. 103, 125 n. 26 (1975); *Harris v. Neil*, 437 F.2d 63, 64 (6th Cir. 1971). A state court's failure to even hold a preliminary examination does not present a cognizable habeas claim. *See Scott v. Bock*, 241 F. Supp.2d 780, 793 (E.D. Mich. 2003) (Lawson, J.). A claim that the evidence offered at a preliminary examination was insufficient for a finding of probable cause is not cognizable on habeas review. *See David v. Lavinge*, 190 F. Supp. 2d 974, 978 (E.D. Mich. 2002) (O'Meara, J.; *Prowell v. Overton*, No. 93-1949, 1994 WL 146842, * 1 (6th Cir. April 22, 1994). Further, it is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein*, 420 U.S. at 119 (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Therefore, "although a suspect who is presently detained may challenge the probable cause for that

16

confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Because Petitioner is now incarcerated pursuant to a valid conviction, he cannot challenge the preliminary procedures employed prior to his trial. Habeas relief is denied on this claim.

## F. Confrontation Clause Claim

Petitioner claims that his Sixth Amendment right to confrontation was violated by the trial court's admission of DNA testimony from two witnesses – Dr. Melanie Shohocki-Trapani and Heather Vitta – because they did not personally perform the scientific testing upon which their testimony relied.

Dr. Shohocki-Trapani, who was qualified as an expert in forensic analysis of DNA, testified that she was employed by Orchid Cellmark Company. Orchid contracted with the Detroit Police Department to perform DNA testing. In 2004, Orchid received a blood sample from the victim in this case and a rectal swab. Dr. Shohocki-Trapani testified that another analyst prepared and signed the report regarding the samples. Although Dr. Trapani did not perform the testing of these samples, she reviewed the raw data from the DNA sequencing machine using standard DNA analysis. She testified that sufficient samples were extracted to create a DNA profile for the victim. Also, based upon the sperm cells extracted

from the swab, a male DNA profile was also created.  The male DNA profile was not connected to any particular person.  Instead, the information was provided to the Detroit crime lab.

Heather Vitta testified she was employed by the Michigan State Police in the Biology and DNA Unit.  She was qualified as an expert in the field of DNA analysis.  Vitta produced a DNA profile from a buccal swab taken from Petitioner. She compared the DNA profile to the report and data developed by Orchid Cellmark.  Vitta concluded that the DNA detected from the rectal swab matched Petitioner's DNA profile.  The possibility of another person having the same DNA profile as Petitioner was one in 6.5 quadrillion.

Out-of-court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court.  *See Crawford v. Washington*, 541 U.S. 36 (2004).  In *Williams v. Illinois*, 567 U.S. 50 (2012), a plurality of the Supreme Court held that a testifying expert may assume the truth of an out-of-court statement – in that case, a DNA profile produced by an outside laboratory – without violating the Confrontation Clause. *Id.* at 57-58.  The Court explained: "For more than 200 years, the law of evidence has permitted ... an

expert [to] express an opinion that is based on facts the expert assumes, but does not know, to be true." *Id.* at 57. The plurality opinion in *Williams* establishes that there is no clearly-established federal law finding a Confrontation Clause violation when an expert witness testifies to forming an independent opinion after reviewing a report prepared by another, non-testifying expert. *See Barbosa v. Mitchell*, 812 F.3d 62, 67 (1st Cir. 2016) (holding that *Williams* suggests that admitting an opinion "by an expert witness who has some connection to the scientific report prepared by another whom she supervised" does not violate the right to confrontation). Additionally, the potential for prejudice caused by the admission of such evidence is minimized in the context of a bench trial. *Id.* at 69. "When the judge sits as the trier of fact, it is presumed that the judge will understand the limited reason for the disclosure of the underlying inadmissible information and will not rely on that information for any improper purpose." *Id.*

In the present case, the trial court held the experts' testimony did not violate the Confrontation Clause because the DNA testing performed by Orchid comprised the data upon which the experts' independent opinions were based, at least in part. *See* 7/25/12 Opinion at 4, ECF No. 14-11. Petitioner is not entitled to relief because he failed to show that the trial court's decision is contrary to or an unreasonable application of clearly-established Federal law.

## G. Ineffective Assistance of Trial and Appellate Counsel

Petitioner argues that he received ineffective assistance of trial and appellate counsel. He claims trial counsel was ineffective in: (i) failing to object to the courtroom closure, (iii) failing to object to the expert witnesses' testimony on Confrontation Clause grounds; and (iii) advising him not to testify in his own defense. He argues appellate counsel's failure to raise the claims raised in this petition was also ineffective.

An ineffective assistance of counsel claim has two components. A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient representation, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. In order to establish prejudice, a petitioner must show that, but for the constitutionally deficient representation, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Id.* at 694.

The trial court, the last state court to issue a reasoned opinion addressing Petitioner's claim that counsel should have objected to the courtroom closure, held that counsel was not ineffective. *See* 7/25/12 Op. at 6-8, ECF No. 14-11, Pg. ID 608-10. Petitioner fails to show that counsel was not acting reasonably in

declining to object to the closure. Nor has Petitioner demonstrated prejudice. The closure was limited to just a portion of the victim's testimony and it occurred during the preliminary examination not during trial. The Court discerns no prejudice to Petitioner. The state court's decision was not contrary to or an unreasonable application of *Strickland.*

Petitioner also has not shown that his attorney was ineffective in failing to raise a Confrontation Clause objection to Dr. Shohocki-Trapani's or Heather Vitta's testimony. As discussed above, Petitioner has not shown that admission of this testimony violated his right of confrontation. Because counsel cannot be found ineffective for failing to make futile objections, this claim is meritless. *See Altman v. Winn*, 644 Fed. App'x 637, 644 (6th Cir. 2016).

Finally, Petitioner claims that counsel was ineffective in advising him not to testify in his own defense. He claims this was the only way he could have presented evidence to support a consent defense. The trial court held that counsel's advice to Petitioner was sound trial strategy. See 7/25/12 Op. at 8-9, Pg. ID 612. There is no indication in the record that Petitioner's decision not to testify was coerced. His decision easily could have been informed by the extensive, brutal injuries the victim sustained. Counsel reasonably could have concluded that placing Petitioner on the stand to claim consent would be too risky in light of these

serious injuries. A defendant retains the "ultimate authority" to decide whether to testify on his own behalf. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The record provides no indication that the decision not to testify was anyone's other than Petitioner's. Even if defense counsel made an "erroneous strategic prediction" concerning the wisdom of Petitioner testifying, this is not, by itself, proof of deficiency. *Lafler v. Cooper*, 566 U.S. 156, 174 (2012).

Petitioner also claims that his appellate attorney was ineffective in failing to raise claims raised in this habeas petition but not raised on direct appeal. The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

The claims raised in this petition and on collateral review in state court are meritless. Appellate counsel need not raise non-meritorious claims on appeal. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Accordingly, the Court will deny habeas corpus relief on this claim.

### H. Prosecutorial Misconduct

Finally, Petitioner argues that the prosecutor committed misconduct when she knowingly presented perjured testimony from Investigator Kimberly Turner, the officer-in-charge. Turner testified that, on October 12, 2002, she met the victim at Henry Ford Hospital, and took a statement from her. Petitioner argues that Turner's testimony was false because the witness statement indicates the statement was taken by "Delplace", not Turner. He further argues that the prosecutor was aware this testimony was false.

A false-testimony claim falls under the *Brady* disclosure doctrine, which requires the government to disclose evidence favorable to a defendant if it is "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The "contours of [a false-testimony] claim were predominantly shaped by two Supreme Court cases: *Napue v. Illinois*, 360 U.S. 264, 269-72, and *Giglio v. United States*, 405 U.S. 150, 153–54, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)." *Brooks v. Tenn.*, 626 F.3d 878, 894 (6th Cir. 2010).

The Sixth Circuit has developed a three-part test for determining if the prosecution has committed a *Brady–Napue–Giglio* violation:

> The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. In order to establish prosecutorial misconduct or denial of due process, the defendants must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false.

> The burden is on the defendants to show that the testimony was
> actually perjured, and mere inconsistencies in testimony by
> government witnesses do not establish knowing use of false
> testimony.

*Id.* at 894-95 (quoting *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998)).

Petitioner has not shown that Turner's testimony was false. There appears to be a discrepancy between Turner's testimony and the fact that the witness statement indicates the statement was taken by "DelPlace." Neither the prosecutor nor defense counsel asked Turner to resolve this discrepancy. It is unclear whether an Officer DePlace existed or was present at the interview. "DelPlace" may have been written on the report in error. DelPlace may have begun the interview which was then conducted by Turner. Absent any additional information, this inconsistency is insufficient to show Turner's testimony was false or that the prosecutor knew it to be false.

This claim is denied.

## IV. Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability (COA) must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

For the reasons stated above, Petitioner's petition for a writ of habeas corpus

is DENIED.  Furthermore, the Court DENIES a certificate of appealability.

SO ORDERED.


s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2019



I hereby certify that a copy of the foregoing document was served upon the Carolos Bartell
and counsel of record on January 15, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager